UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
BARRY SPENCER II,                        )
                                         )
      Petitioner,                        )
                                         )   Civil Action No.
v.                                       )   13-11922-FDS
                                         )
COMMONWEALTH OF                          )
MASSACHUSETTS,                           )
                                         )
      Respondent.                       )
_____)

## MEMORANDUM AND ORDER ON
## RESPONDENT'S MOTION TO DISMISS

**SAYLOR, J.**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody. Petitioner Barry Spencer II challenges two ongoing state-court proceedings. He is charged with (1) distribution of cocaine and school-zone violations arising out of an arrest in 2006 and (2) possession of cocaine with intent to distribute, distribution of a class B controlled substance, possession of cocaine, distribution of cocaine after prior convictions, possession of cocaine with intent to distribute after prior convictions, and resisting arrest, all arising out of an arrest in 2011. He was convicted on the 2006 charges, which were subsequently vacated for a new trial in 2010. The second set of charges has been pending since indictment in 2011. He was released on bail in 2010, which was revoked on May 30, 2013; and has been in custody since the latter date. He now seeks habeas relief pursuant to 28 U.S.C. § 2254.

Respondent the Commonwealth of Massachusetts moved to dismiss the petition, contending that the *Younger* doctrine bars intervention by a federal court in ongoing state-court

criminal prosecutions, and that petitioner failed to exhaust available state-court remedies.[1] For the reasons set forth below, the motion will be granted.

## I. Factual and Procedural Background

Petitioner is currently facing pending criminal charges in two different state court proceedings.[2] Neither charge has been tried in Superior Court, nor appealed to the Massachusetts Appeals Court or to the Supreme Judicial Court. Thus, no facts have been found in either proceeding. The procedural histories of petitioner's cases are laid out below.

### A. State Court Proceedings

#### 1. The 2006 Charges

On August 6, 2006, petitioner was indicted in Massachusetts state court. He was charged with three counts of distribution of cocaine in violation of Mass. Gen. Laws ch. 94C § 32(A)(b), and three counts of violating narcotics statutes while in a school zone in violation of Mass. Gen. Laws ch. 94C § 32J. On April 19, 2007, he was convicted on all counts following a jury trial, and was sentenced to a term in prison. (Gov't Appx. at 12-13).

On June 11, 2010, petitioner filed an unopposed motion for post-conviction relief. (Gov't Appx. at 30). He requested that the court grant a new trial for the 2006 charges because the introduction of drug test results from the state drug laboratory, without live testimony, violated the confrontation clause of The United States Constitution. On August 17, 2010, the court

---

[1] Respondent asserts that the petitioner's motion is defective, as it improperly named the "State of Massachusetts" as respondent. In response, petitioner filed a motion to amend his complaint, naming as respondent, Lisa Mitchell, the Superintendent of Old Colony Correction Center, and the unnamed Sheriff of Suffolk County. That motion is rendered moot by the dismissal of the petition.

[2] In his opposition to respondent's motion, petitioner states that the writ also involves a 2004 conviction on similar charges.

2

granted the motion. That same day, he was released on bail.

On September 14, 2010, the Commonwealth began proceedings to re-try petitioner for the 2006 charges. After several continuances, the court ordered him held at Bridgewater State Hospital for a competency evaluation. On March 3, 2011, the court found, pursuant to Mass. Gen. Laws ch. 123 § 16B, that he was incompetent to stand trial, and ordered him committed to Bridgewater State Hospital. He was found competent on August 31, 2011. Since that time, the case has progressed slowly. It was continued by agreement several times between 2011 and 2013. He filed multiple motions to dismiss, which were denied, as well as a petition for interlocutory appeal, which was also denied. (Gov't Appx. at 42, 44). His lawyer withdrew from the case, and was replaced by a new lawyer.

The 2006 charges have not yet been re-tried by the Commonwealth.

### 2. **The 2011 Charges**

On January 11, 2011, while on bail from the 2006 charges, petitioner was indicted and charged with multiple counts of drug-related violations, as well as resisting arrest. Gov't Appx. at 29. He pleaded not guilty to these charges on August 31, 2011. (Gov't Appx. at 26).

Petitioner filed several motions to dismiss the 2011 charges, which were denied. (Gov't Appx. at 42). He also filed a petition for interlocutory appeal, which was also denied. (Gov't Appx. at 46). He has not yet been tried on the 2011 charges.

### B. **Federal Proceedings**

Petitioner filed two previous petitions for habeas relief in the District of Massachusetts, on April 7 and June 11, 2011. Both were denied.

The first petition for habeas relief, filed while he was held in Bridgewater State Hospital,

3

was denied by Judge Gorton on April 27, 2011, as it was not the proper subject for a habeas petition, and was unclear. (Gov't Appx. at 49).[3] He appealed Judge Gorton's ruling, which the First Circuit dismissed on April 2, 2012, for failure to pay the required filing fee.

Judge O'Toole denied the second petition on September 29, 2011. In its memorandum, the court stated it had no reason to believe that the petitioner could not find relief in the state courts, and that the court would not interfere with an ongoing state matter. (Gov't Appx. at 53).

## II. Analysis

### A. Abstention Doctrine

Federal courts have long recognized a "fundamental policy against federal interference with state criminal proceedings." *In Re Justices of Superior Court Dept. of Massachusetts*, 218 F.3d 11, 16 (1st Cir. 2000) (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971)). The abstention doctrine is based on principles of federalism and separation of powers. *See id.*

As a general rule, federal habeas corpus relief is not available to defendants seeking pretrial review of constitutional challenges to state criminal proceedings. *Id.* at 19 (citing *Braden v. 30th Judicial Circuit Court of Kentucky* 410 U.S. 484, 493 (1973)). Specifically, abstention under *Younger* applies "when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." *Massachusetts Delivery Association v. Coakley*, 671 F.3d 33, 40 (1st Cir. 2012) (quoting *Rossi v. Gemma*, 489 F.3d 26, 34-35 (1st Cir. 2007)).

In the present case, *Younger* abstention is appropriate. First, granting petitioner's request

---

[3] Petitioner appears to have sought arrest warrants for 32 people, including the President of the United States of America and the Governor of the Commonwealth of Massachusetts.

for dismissal would interfere with ongoing state criminal proceedings. *See Rossi*, 489 F.3d at 35. Second, the prosecutions implicate the important state interests of promoting public safety and retaining authority over state criminal proceedings. *See Jackson v. Worcester Police Dept.*, 2010 WL 4273821 at *2 (explaining that Younger itself solidified the importance of the state's interest in criminal proceedings). Finally, the state-court proceedings provide petitioner an adequate opportunity to present his federal constitutional claims. *See Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973)). This case clearly meets the three-part *Younger* test, and the Court will therefore abstain from interfering with the ongoing state proceeding.

  **B.**  **Exhaustion of Claims**

A federal court may not consider a petition for a writ of habeas corpus filed by a person in state custody unless the petitioner has exhausted his state court remedies with respect to all claims raised in his application. *See* 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982). It is the petitioner's burden to demonstrate exhaustion as to all claims. *Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002). In order to satisfy the exhaustion requirement, a petitioner must establish that both the factual and legal bases of his federal claim were "fairly and recognizably presented to the state courts." *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997) (citing *Picard v. Connor*, 404 U.S. 270, 276-77 (1971)). "The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988). Although a petitioner need not present his federal claims in precisely the same manner in both state and federal court, the claims raised by the habeas petitioner must be the "substantial equivalent" to those raised before the state's highest

court. *Barresi*, 296 F.3d at 52 (citing *Picard*, 404 U.S. at 277-78).

Petitioner has not exhausted any of his claims in state court. He has not been convicted in connection with either indictment. As a result, he has not appealed any of the issues raised in his current federal habeas petition to either the Massachusetts Appeals Court or the Supreme Judicial Court.[4] Petitioner therefore has not fairly and recognizably presented his claims to the state's highest court and this Court cannot consider his claims.

## III.   Conclusion

For the foregoing reasons, the motion of respondent Commonwealth of Massachusetts is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  April 9, 2014

---

[4] Petitioner did seek interlocutory review of the denial of his motion to dismiss. The SJC denied the petition. Judge Spina ruled that denial of a motion to dismiss is not appealable until after trial.